UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANTHONY F. HOLSTICK,

    Petitioner,

v.                                           Case No. 5:10-cv-115-Oc-23GRJ

WARDEN, FCC COLEMAN-USP II,

    Respondent.
_____/

## **ORDER DISMISSING PETITION**

Anthony F. Holstick petitions (Doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2241. Holstick is a pro se federal prisoner at the Coleman Federal Correctional Complex. He challenges a conviction and sentence imposed in United States v. Holstick, Case No. 3:94-cr-114 in the Middle District of Alabama and contends that under Bailey v. United States, 516 U.S. 137, 116 S. Ct. 501 (1995) (finding that the "use" component of Section 924(c) requires active employment of a firearm), his conviction under 18 U.S.C. § 924(c) is unconstitutional.

## **Discussion**

Holstick attacks the validity of his sentence rather than the means of execution. The sentencing court denied relief under 28 U.S.C. § 2255.[1] Thus, Holstick pursues relief under Section 2241 because relief under Section 2255 is barred as a successive

---

[1] See Holstick v. United States, Case No. 3:01-cv-734.

petition. However, under these circumstances, Section 2255 expressly precludes Holstick's pursuit of a remedy under Section 2241.

Section 2255 states that an application "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief . . . ." Holstick seeks to avoid the preclusive effect of that prohibition by invoking the "savings clause" in Section 2255, which permits relief under Section 2241 if "the remedy by motion [under Section 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, Wofford v. Scott, 117 F. 3d 1236, 1244 (11th Cir. 1999), states:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal or first § 2255 motion.

In this instance, Holstick presents argument that should have been raised at sentencing, on direct appeal, and in the preceding Section 2255 motion. To the extent that Holstick argues entitlement to relief under the Section 2255 "savings clause,"[2] the argument is unavailing. Holstick identifies no retroactively applicable Supreme Court decision that triggers relief under Section 2255's "savings clause."

## **Conclusion**

Accordingly, the petition under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED WITH PREJUDICE** prior to service. See Rule 4, Rules Governing Section 2255 Proceedings

---

[2] The Section 2255 "savings clause" permits a request for relief under Section 2241 if it "appears that the remedy by motion [under Section 2255] is inadequate or ineffective to test the legality of [the applicant's] detention."

("If it plainly appears from the motion . . . that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.") The Clerk is directed to enter judgment dismissing the petition, terminate any pending motion, and close the file.

ORDERED in Tampa, Florida, on May 10, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE